FILED ___  LODGED ✓
RECEIVED ___  COPY ___

MAY 0 7 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

1  GLENN B. McCORMICK
Acting United States Attorney
2  District of Arizona
WILLIAM G. VOIT
3  Assistant U.S. Attorney
Arizona State Bar No. 025808
4  Two Renaissance Square
40 N. Central Ave., Suite 1800
5  Phoenix, Arizona 85004
Telephone: 602-514-7500
6  Email: William.Voit@usdoj.gov

7  COREY R. AMUNDSON
Chief, Public Integrity Section
8  Criminal Division, U.S. Department of Justice
ROSALEEN O'GARA
9  Arizona State Bar No. 029512
Email: Rosaleen.O'Gara2@usdoj.gov
10  NICOLE LOCKHART
Texas State Bar No. 24089271
11  Email: Nicole.Lockhart@usdoj.gov
Trial Attorneys, Public Integrity Section
12  Criminal Division, U.S. Department of Justice
1331 F St. NW
13  Washington, DC 20005
Telephone: 202-514-1412
14  *Attorneys for Plaintiff*

15              IN THE UNITED STATES DISTRICT COURT

16                  FOR THE DISTRICT OF ARIZONA

17  United States of America,              No. CR-21-00345-PHX-DJH

18                          Plaintiff,

19          vs.                            **PLEA AGREEMENT**

20

21  Anthony Obert Barry,

22                          Defendant.

23      Plaintiff, the United States of America, and the defendant, ANTHONY OBERT

24  BARRY, hereby agree to dispose of this matter on the following terms and conditions:

25  **1.    PLEA**

26      The defendant will plead guilty to Count One of the Information charging the

27  defendant with a violation of 52 United States Code (U.S.C.) §§ 30114(b) and

28  30109(d)(1)(A)(i), Unlawful Conversion of Campaign Funds, a Class D felony offense.

2.   **MAXIMUM PENALTIES**

a.      A violation of 52 U.S.C. §§ 30114(b) and 30109(d)(1)(A)(i) is punishable by a maximum fine of $250,000; a maximum term of imprisonment of 5 years; or both; and a term of supervised release of up to 3 years. A maximum term of probation is 5 years.

b.      According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)      make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)      serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)      pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.      The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3.   **AGREEMENTS REGARDING SENTENCING**

a.      <u>Recommendation: Acceptance of Responsibility</u>. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16

1     or more, the United States will move the Court for an additional one-level reduction in the

2     applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

3            b.     Recommendation: Sentence Not to Exceed Middle of Guidelines Range.

4     Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend that the

5     defendant's sentence not exceed the middle of the sentencing range as calculated under

6     U.S.S.G. § 1B1.1(a). Nothing in this agreement shall preclude the defendant from moving

7     for a downward departure, variance, or lower sentence, or the court from imposing a lower

8     sentence.

9            c.     Non-Binding Recommendations.     The defendant understands that

10     recommendations are not binding on the Court. The defendant further understands that the

11     defendant will not be permitted to withdraw the guilty plea if the Court does not follow a

12     recommendation.

13            d.     Restitution.     Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant

14     specifically agrees to pay full restitution, regardless of the resulting loss amount, in an

15     amount no less than $115,500, but in no event more than $130,000, to all victims directly

16     or proximately harmed by the defendant's "relevant conduct," including conduct pertaining

17     to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless

18     of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A.

19     The defendant understands that such restitution will be included in the Court's Order of

20     Judgment and that an unanticipated restitution amount will not serve as grounds to

21     withdraw the defendant's guilty plea or to withdraw from this plea agreement.

22            e.     Assets and Financial Responsibility.     The defendant shall make a full

23     accounting of all assets in which the defendant has any legal or equitable interest. The

24     defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or

25     transfer any such assets or property before sentencing, without the prior approval of the

26     United States (provided, however, that no prior approval will be required for routine, day-

27     to-day expenditures). The defendant also expressly authorizes the United States Attorney's

28     Office to immediately obtain a credit report as to the defendant in order to evaluate the

1  defendant's ability to satisfy any financial obligation imposed by the Court. The defendant
2  also shall make full disclosure of all current and projected assets to the U.S. Probation
3  Office immediately and prior to the termination of the defendant's supervised release or
4  probation, such disclosures to be shared with the U.S. Attorney's Office, including the
5  Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the
6  Inmate Financial Responsibility Program to fulfill all financial obligations due and owing
7  under this agreement and the law.

8  **4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

9        a.    The United States Attorneys' Office for the District of Arizona shall not
10 prosecute the defendant for any offenses committed by the defendant, and known by the
11 United States, in connection with the conversion of campaign contributions charged in the
12 Information.

13       b.    This agreement does not, in any manner, restrict the actions of the United
14 States in any other district or bind any other United States Attorney's Office.

15 **5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

16       a.    If the Court, after reviewing this plea agreement, concludes that any
17 provision contained herein is inappropriate, it may reject the plea agreement and give the
18 defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.
19 11(c)(5).

20       b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,
21 vacated, or reversed at any time, this agreement shall be null and void, the United States
22 shall be free to prosecute the defendant for all crimes of which it then has knowledge and
23 any charges that have been dismissed because of this plea agreement shall automatically
24 be reinstated. In such event, the defendant waives any and all objections, motions, and
25 defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional
26 restrictions in bringing later charges or proceedings. The defendant understands that any
27 statements made at the time of the defendant's change of plea or sentencing may be used
28

- 4 -

1  against the defendant in any subsequent hearing, trial, or proceeding subject to the
2  limitations of Fed. R. Evid. 410.

3  **6.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

4          The defendant waives (1) any and all motions, defenses, probable cause
5  determinations, and objections that the defendant could assert to the indictment or
6  information; and (2) any right to file an appeal, any collateral attack, and any other writ or
7  motion that challenges the conviction, an order of restitution or forfeiture, the entry of
8  judgment against the defendant, or any aspect of the defendant's sentence, including the
9  manner in which the sentence is determined, including but not limited to any appeals under
10  18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255
11  (habeas petitions), and any right to file a motion for modification of sentence, including
12  under 18 U.S.C. § 3582(c).   This waiver shall result in the dismissal of any appeal,
13  collateral attack, or other motion the defendant might file challenging the conviction, order
14  of restitution or forfeiture, or sentence in this case.   This waiver shall not be construed to
15  bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial
16  misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

17  **7.     DISCLOSURE OF INFORMATION**

18          a.      The United States retains the unrestricted right to provide information and
19  make any and all statements it deems appropriate to the U.S. Probation Office and to the
20  Court in connection with the case.

21          b.      Any information, statements, documents, and evidence that the defendant
22  provides to the United States pursuant to this agreement may be used against the defendant
23  at any time.

24          c.      The defendant shall cooperate fully with the U.S. Probation Office.   Such
25  cooperation shall include providing complete and truthful responses to questions posed by
26  the U.S. Probation Office including, but not limited to, questions relating to:

27                 (1)      criminal convictions, history of drug abuse, and mental illness; and
28

1         (2)     financial information, including present financial assets or liabilities

2   that relate to the ability of the defendant to pay a fine or restitution.

3   **8.   FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

4         Nothing in this agreement shall be construed to protect the defendant from

5   administrative or civil forfeiture proceedings or prohibit the United States from proceeding

6   with and/or initiating an action for civil forfeiture.  Pursuant to 18 U.S.C. § 3613, all

7   monetary penalties, including restitution imposed by the Court, shall be due immediately

8   upon judgment, shall be subject to immediate enforcement by the United States, and shall

9   be submitted to the Treasury Offset Program so that any federal payment or transfer of

10  returned property the defendant receives may be offset and applied to federal debts (which

11  offset will not affect the periodic payment schedule).  If the Court imposes a schedule of

12  payments, the schedule of payments shall be merely a schedule of minimum payments and

13  shall not be a limitation on the methods available to the United States to enforce the

14  judgment.

15  **9.   ELEMENTS**

16  **Unlawful Conversion of Campaign Funds**

17  **52 U.S.C. §§ 30114(b) and 30109(d)(1)(A)(i)**

18        Between on or about October 1, 2018, and June 17, 2019, in the District of Arizona

19  and elsewhere:

20        1.     The defendant knowingly and willfully converted to personal use

21        2.     A contribution accepted by a candidate, or a donation received by an

22             individual as support for activities of the individual as a holder of federal

23             office

24        3.     In an amount aggregating $25,000 or more during a calendar year.

25  **10.   FACTUAL BASIS**

26        a.     The defendant admits that the following facts are true and that if this matter

27  were to proceed to trial the United States could prove the following facts beyond a

28  reasonable doubt:

Between October 1, 2018, and June 17, 2019, in the District of Arizona and elsewhere, I knowingly and willfully converted to my personal use contributions accepted by a candidate and donations received by an individual as support for activities of the individual as a holder of federal office. During that time period, I served as a deputy campaign manager and consultant for U.S. Congresswoman and later U.S. Senator Martha McSally, who was a candidate for, and later appointed to serve in, the United States Senate.

I misused my position to fraudulently direct that excess payments of campaign funds be made to me, over and above the amounts to which I was entitled for my salary. As a result, the excess payments were disbursed to my personal financial account. I used the unlawfully converted funds to fulfill my personal commitments, obligations, and expenses, including recreational activities, which existed irrespective of the candidate's election campaign.

The total amount of the unlawfully converted funds during this time period, for which I also acknowledge I owe restitution, is no less than $115,500, an amount that aggregates to $25,000 or more during a calendar year.

b.      The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

-7-

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

//

//

//

//

//

1    .    I fully understand the terms and conditions of this plea agreement.  I am not now

2    using or under the influence of any drug, medication, liquor, or other intoxicant or

3    depressant that would impair my ability to fully understand the terms and conditions of this

4    plea agreement.

5    Mar 18, 2021                                                  *Anthony Barry*

6    _____                    Anthony Barry (Mar 18, 2021 13:56 CDT)
     DATE                                                         _____
7                                                                 ANTHONY OBERT BARRY
                                                                  Defendant
8

9                              **APPROVAL OF DEFENSE COUNSEL**

10          I have discussed this case and the plea agreement with my client in detail and have

11   advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

12   constitutional and other rights of an accused, the factual basis for and the nature of the

13   offense to which the guilty plea will be entered, possible defenses, and the consequences

14   of the guilty plea including the maximum statutory sentence possible.  I have further

15   discussed the concept of the advisory Sentencing Guidelines with the defendant.  No

16   assurances, promises, or representations have been given to me or to the defendant by the

17   United States or any of its representatives that are not contained in this written agreement.

18   I concur in the entry of the plea as indicated above and that the terms and conditions set

19   forth in this agreement are in the best interests of my client.  I agree to make a bona fide

20   effort to ensure that the guilty plea is entered in accordance with all the requirements of

21   Fed. R. Crim. P. 11.

22   Mar 18, 2021                                                  *Charity Clark*

23   _____                                       _____
     DATE                                                         CHARITY CLARK
24                                                                Attorney for Defendant

25

26

27

28

                                          -9-

1

## APPROVAL OF THE UNITED STATES

2      I have reviewed this matter and the plea agreement.  I agree on behalf of the United

3  States that the terms and conditions set forth herein are appropriate and are in the best

4  interests of justice.

5                               GLENN B. McCORMICK
                                  Acting United States Attorney

6                               District of Arizona

7                               COREY R. AMUNDSON
                               Chief, Public Integrity Section

8                               Criminal Division, U.S. Department of Justice

9

                               Digitally signed by WILLIAM VOIT
                               Date: 2021.05.05 15:07:51 -07'00'

10 May 5, 2021
  DATE                   WILLIAM G. VOIT

11                               Assistant U.S. Attorney

12                               ROSALEEN O'GARA
                               NICOLE LOCKHART

13                               Trial Attorneys, Public Integrity Section
                               Criminal Division, U.S. Department of Justice

14

15

16

## ACCEPTANCE BY THE COURT

17

18

19 Date                       HON. DIANE J. HUMETEWA
                               United States District Judge

20

21

22

23

24

25

26

27

28